■ In the Matter of ANDREW A. LACERVA, Petitioner, v M. ANDREW DWYER JR., as County Judge of Rensselaer County, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondents from retrying petitioner in the County Court of Rensselaer County on a multicount indictment.

In this CPLR article 78 proceeding, petitioner seeks to prohibit respondents from retrying him on a five-count indictment which charged burglary in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, criminal mischief in the fourth degree and assault in the third degree. The initial trial on these charges commenced on November 16, 1989. After a jury had been impaneled and sworn, and County Court had given its preliminary instructions, the prosecutor made an opening address. Defense counsel then moved "to dismiss the case, or to declare a mistrial" due to the failure of the prosecutor to comply with the provisions of CPL 260.30 by specifying the elements of the crimes that he intended to prove and outlin-

ing the proof that would support such elements. Reserving on the defense motion until after lunch, the court decided to afford the prosecution the opportunity of a second opening address "to rectify any possible inadequacy" that existed in the first address. Defense counsel stated that he would "stand on [his] motion" which now was "to dismiss". The prosecutor made his second opening address. Conceding that this opening address was adequate only with respect to the lesser charges of criminal mischief and assault, defense counsel moved for dismissal of the first three charges of the indictment and for immediate trial of the lesser two charges.

Concluding that the second opening of the prosecutor was also inadequate, County Court stated that "[w]hat * * * we are looking at is a mistrial" which, under the authority of *People v Kurtz* (51 NY2d 380, *cert denied* 451 US 911), would be "without prejudice". This ruling was based on the court's conclusion that three opening statements before the same jury would be prejudicial to the prosecution. Therefore, without the consent of defense counsel, the court on its own declared a mistrial, refusing to allow the two lesser counts to proceed. Defense counsel objected to this and then restated his motion to dismiss. This motion was denied by County Court. Further proceedings were then stayed by the court to permit preparation of this CPLR article 78 proceeding to prohibit retrial on the ground of double jeopardy. This court stayed the criminal trial pending determination of this proceeding.

While it is clear that petitioner's claim of double jeopardy is cognizable by way of prohibition *(see, Matter of Rush v Mordue,* 68 NY2d 348, 354), it is also clear that petitioner is not entitled to such extraordinary relief in the circumstances underlying this proceeding. The trial was terminated as to the first three counts of the indictment at petitioner's request for dismissal on purely technical grounds that did not go to an adjudication of his guilt or innocence. Such a motion for dismissal is "functionally indistinguishable from the declaration of a mistrial" at a defendant's request which does not interdict reprosecution where the termination of the trial did not result from an adjudication of the merits going to the defendant's guilt or innocence *(People v Kurtz, supra,* at 387; *People v Key,* 45 NY2d 111, 120). Significantly, the mistrial granted here was not based on any finding that petitioner could not be convicted of the crimes charged or that the prosecution lacked sufficient legal evidence to support the charges. Instead, the mistrial was granted on a technical ground, because County Court was of the view that the

prosecution did not sufficiently outline in his opening all of the elements requisite for the crimes and the evidence he would offer to support those elements, and because it would be highly prejudicial to the prosecution to compel a third opening statement to the same jury.

The decision of County Court in no sense resembled an acquittal of petitioner, and it occurred without any evaluation of the factual elements of the offenses charged. The mistrial granted by the court was appropriate in the circumstances previously outlined and retrial of petitioner is prohibited neither by the Double Jeopardy Clauses of the Federal and State Constitutions nor by the statutory double jeopardy provisions (see, *People v Kurtz, supra,* at 387). Contrary to petitioner's claim, this is not a situation where County Court impermissibly, on its own motion over defense counsel's objection and at a time when jeopardy had attached, granted a motion for a mistrial which would bar a retrial. By deliberately seeking termination of the proceeding against him as to the first three counts of the indictment on a basis unrelated to factual guilt or innocence of the offenses of which he stands accused, petitioner sustained no injury cognizable under the double jeopardy doctrine (see, *supra,* at 386-387).

As to the lesser charges of criminal mischief in the fourth degree and assault in the third degree, which defendant did not seek to dismiss after the prosecutor's second opening statement, we are of the view that those charges are so related to the top three counts of the indictment that a mistrial as to the latter two counts was a proper exercise of County Court's discretion (see, *Matter of Enright v Siedlecki,* 59 NY2d 195).

Accordingly, the petition for a writ of prohibition preventing petitioner's retrial is dismissed.

Mahoney, P. J., Mikoll, Levine and Harvey, JJ., concur. Adjudged that the petition is dismissed, without costs.