■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW E. NEIL, Appellant. [817 NYS2d 746]—

Peters, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 4, 2005, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and endangering the welfare of a child.

In September 2004, a grand jury returned a three-count indictment charging defendant with two counts of driving while intoxicated and endangering the welfare of a child. The charges arose as the result of a report to the City of Elmira Police Department that defendant was intoxicated in the parking lot of Gush's Thirsty Bear and that he was attempting to drive himself and his three-year-old son out of the parking lot on his motorcycle. Two police officers responded to the scene and found defendant and his son sitting on his motorcycle, with the engine running. One police officer conversed with defendant, noticing his slurred speech, glassy and bloodshot eyes, and an odor of alcohol; defendant admitted that he consumed beer throughout the day. Concluding that defendant was intoxicated, he was arrested by the other police officer. After pretrial proceedings, a jury found defendant guilty of all charges. He appeals, challenging the *Sandoval* determination and the verdict as against the weight of the evidence.

To determine whether a verdict is supported by the weight of the evidence, we " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences

that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Evaluating the evidence from a neutral perspective, while extending appropriate deference to the jury's credibility determinations, we find no merit to defendant's claim. At trial, the person who reported defendant to police authorities testified for the People. She explained that she saw defendant stumbling around with a plastic pitcher of beer in his hand. She engaged him in conversation and offered to drive his son home; the offer was aggressively rejected. As a recovering alcoholic herself, she described defendant's belligerent attitude, slurred speech and glassy eyes, and explained that she made the report because she believed him to be drunk. Both police officers testified about their observations of defendant, their communications with him and their evaluation of the scene which led to his arrest. Testimony was also presented concerning the chemical testing conducted upon defendant after his arrest.

Although defendant did not testify on his behalf, he did offer the testimony of his wife and an acquaintance. The acquaintance, who was a patron at the bar when defendant was arrested, testified that defendant was not intoxicated and that the engine of the motorcycle was not running when the police arrived. Evaluating the evidence from a neutral perspective and extending appropriate deference to the jury's credibility determinations (*see People v Bleakley, supra* at 495), we are satisfied that the verdict is not against the weight of the evidence.

Briefly addressing the *Sandoval* ruling, County Court noted that defendant's vast criminal history demonstrated his willingness to place his own self-interest ahead of society. As a result, it concluded that the jury should be permitted to consider certain portions of his criminal history in weighing his credibility. Acknowledging its responsibility to strike a proper balance, County Court allowed inquiry into certain convictions for forgery, grand theft, larceny and petit larceny, which spanned more than a decade,* while it precluded reference to his convictions for, among other things, shoplifting, burglary, cocaine possession, battery and criminal possession of stolen property. Reviewing the rationale underlying County Court's determination on this issue, we find no abuse of discretion.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* The age of a conviction does not necessarily constitute a bar to its use (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Ward*, 27 AD3d 776, 777 [2006]).