THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH OWENS, Appellant. [845 NYS2d 563]—

Lahtinen, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered October 11, 2005, convicting defendant following a nonjury trial of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the third degree.

Defendant, whose driver's license was suspended, was in a roll-over accident after driving a pick-up truck off a straight, dry road. Law enforcement personnel who responded to the scene noted the smell of alcohol, nystagmus eyes, slurred speech and other signs that resulted in their conclusion that defendant had been operating the vehicle while intoxicated. An effort to obtain a blood sample was unsuccessful because of defendant's physical condition. He nevertheless was eventually charged with driving while intoxicated as well as aggravated unlicensed operation of a motor vehicle. Defendant waived his right to a jury

trial and, following a nonjury trial, he was found guilty of both counts. County Court sentenced him to six months in jail and five years of probation. Defendant appeals.

Defendant contends that his conviction for driving while intoxicated was not supported by legally sufficient evidence and was against the weight of the evidence. When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the trier of fact (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Silvestri*, 34 AD3d 986, 987 [2006]). Here, the evidence included, among other things, testimony from law enforcement and emergency response personnel that defendant smelled of alcohol, had slurred speech, and his eyes were glassy and jumpy. He had driven off a straight, dry road, leaving no skid marks. After being advised of his *Miranda* rights, defendant acknowledged to a police officer that he had consumed six beers prior to the accident. The evidence was legally sufficient to support the conviction. Further, after viewing all the evidence in a neutral light, weighing the relative probative force of the conflicting proof, and according due deference to the credibility determinations of the factfinder, we are unpersuaded that the verdict was against the weight of the evidence (*see People v Neil*, 30 AD3d 901, 902 [2006], *lv denied* 7 NY3d 869 [2006]; *People v Gallup*, 302 AD2d 681, 683 [2003], *lv denied* 100 NY2d 594 [2003]).

Next, we consider defendant's argument that he was deprived of a fair trial by prosecutorial misconduct. He asserts that the prosecutor strayed beyond the limits of County Court's *Sandoval* ruling and also inappropriately suggested on summation that defendant should have come forward with an explanation for the accident. County Court sustained defendant's objection to a question to his witness asking about defendant's prior conviction and, as to defendant's objection about the prosecutor's summation, County Court made clear that "the defense has no burden, whatsoever, to come forward with any evidence." In this nonjury trial, defendant was not prejudiced by the purported errors since the court used appropriate legal criteria and disregarded any matters incorrectly interjected by the prosecutor (*see People v Moreno*, 70 NY2d 403, 406 [1987]; *People v Kolon*, 37 AD3d 340, 342 [2007], *lv denied* 8 NY3d 947 [2007]).

Lastly, most of the errors that defendant ascribes to his counsel fall within the realm of strategy decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Murray*, 7 AD3d 828,

831 [2004], *lv denied* 3 NY3d 679 [2004]), and, in any event, review of the record reveals that defendant received meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]).

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.