■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BALTES, Appellant. [904 NYS2d 554]—

---

Stein, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered February 25, 2008, upon a verdict convicting defendant of the crimes of driving while intoxicated, obstructing governmental administration in the second degree and resisting arrest, and the traffic infraction of unsafe lane movement.

On January 13, 2007, defendant and his friend Darren Barcomb were involved in a one-car accident in a vehicle registered to Barcomb. Upon arriving at the scene, State Trooper Joshua Jenkins observed a vehicle nose-first in a ditch; no one was in the vehicle. As Barcomb approached Jenkins, he advised Jenkins that he had slid off the road. Jenkins questioned Barcomb because Jenkins smelled the odor of alcohol emanating from him, and Barcomb admitted that he had consumed a "couple beers."

Believing Barcomb to have been the driver of the vehicle, Jenkins began administering field sobriety tests, but was repeatedly interrupted by defendant, who came increasingly closer to Jenkins and Barcomb and continued to interfere, despite admonitions to remain calm and quiet. Meanwhile, State Trooper Scott Santor arrived on the scene to assist Jenkins and, after learning of defendant's conduct, first verbally instructed him to move away from Barcomb and Jenkins and, when that failed, attempted to physically remove him from the area. When defendant allegedly struck Santor in an effort to resist, he was placed under arrest, handcuffed—after resisting the officers' efforts to place handcuffs on him by struggling and tucking his

arms underneath himself while lying on his stomach—and ultimately taken to the State Police barracks.

In the interim, Jenkins completed the field sobriety tests on Barcomb and, determining Barcomb to be under the influence of alcohol, arrested him for driving while intoxicated (hereinafter DWI), at which point Barcomb stated that he was not the driver of the vehicle. Nevertheless, Barcomb refused to identify the actual driver and was charged with DWI. Two months later, defendant gave a sworn written statement to State Trooper Sean Finn indicating that it was he, and not Barcomb, who had been driving Barcomb's vehicle on the date of the accident. Accordingly, defendant was arrested on the additional charge of DWI and the charge against Barcomb was dismissed. Thereafter, a grand jury handed up a five-count indictment against defendant for the events occurring on January 13, 2007. Following a jury trial, defendant was convicted of DWI, unsafe lane movement, obstructing governmental administration in the second degree and resisting arrest.[1] Defendant now appeals.

Defendant contends that none of the convictions were supported by legally sufficient evidence and, alternatively, that they were all against the weight of the evidence. In determining legal sufficiency, we view the evidence in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]; *People v Roberts*, 63 AD3d 1294, 1296 [2009]) and give them the benefit of every favorable inference (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Scanlon*, 52 AD3d 1035, 1038 [2008], *lv denied* 11 NY3d 741 [2008]). We "will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008]; *see People v Bleakley*, 69 NY2d at 495; *People v Owens*, 45 AD3d 1058, 1059 [2007]). When we conduct a weight of the evidence review, if we are satisfied that a different verdict would not have been unreasonable, we independently assess the " 'relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), viewing the evidence in a neutral light and according deference to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d at 495; *People v Owens*, 45 AD3d at 1059; *People v Davis*, 260 AD2d 726, 729 [1999], *lv denied* 93 NY2d 968 [1999]).

---

**1.** Count three of the indictment—operating in violation of restrictions—was dismissed following the close of the People's proof at trial.

With respect to the convictions of DWI and unsafe lane movement, defendant contends that there was insufficient evidence that he was the driver of Barcomb's vehicle, as his admission to that effect was not sufficiently corroborated (*see* CPL 60.50). "[CPL 60.50] does not require corroboration of confessions or admissions in every detail, but only 'some proof, of whatever weight,' that the offense charged has in fact been committed by someone" (*People v Booden*, 69 NY2d 185, 187 [1987], quoting *People v Daniels*, 37 NY2d 624, 629 [1975]). "The necessary additional evidence may be found in the presence of defendant at the scene of the crime, his guilty appearance afterward, or other circumstances supporting an inference of guilt" (*People v Booden*, 69 NY2d at 187 [citations omitted]).

Here, we find that defendant's admission that he was the driver was sufficiently corroborated by his presence at the scene with only one other individual—Barcomb, who testified that he, Barcomb, was not the driver—as well as Jenkins' testimony that he heard Barcomb state, after being placed under arrest, that Barcomb was not the driver. Inasmuch as the other elements of the charged crimes of DWI and unsafe lane movement are not being challenged here, we conclude that defendant's convictions of such crimes were based upon legally sufficient evidence and were not contrary to the weight of the evidence.

Turning to the charge of obstructing governmental administration in the second degree, "[a] person is guilty of [such crime] when he [or she] intentionally . . . prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05). Contrary to defendant's contention, conduct may be inappropriate or disruptive within the ambit of Penal Law § 195.05 even when no physical force is involved (*see People v Romeo*, 9 AD3d 744, 745 [2004]; *Willinger v City of New Rochelle*, 212 AD2d 526, 527 [1995]; *People v Tarver*, 188 AD2d 938, 938 [1992], *lv denied* 81 NY2d 893 [1993]).

Here, witness testimony that defendant was belligerent, uncooperative and refused a direct request that he either remain calm and quiet or leave the area while Jenkins attempted to perform field sobriety tests on Barcomb was sufficient to establish the crime of obstructing governmental administration in the second degree (*see Matter of Davan L.*, 91 NY2d 88, 91-92 [1997]; *People v Nesbitt*, 69 AD3d 1109, 1112 [2010], *lv denied* 14 NY3d 843 [2010]; *People v Romeo*, 9 AD3d at 745). In addition, giving due deference to the jury's credibility determinations, we cannot say that the verdict was against the weight of the evidence (*see People v Owens*, 45 AD3d at 1059). In view of

this conclusion, we find no merit to defendant's contention that his conviction for resisting arrest was legally insufficient because the police lacked probable cause to effect the arrest (*see* Penal Law § 205.30; *People v Peacock*, 68 NY2d 675, 676-677 [1986]; *People v Rosa*, 277 AD2d 506, 507 [2000], *lvs denied* 95 NY2d 968 [2000], 96 NY2d 867 [2001]). Furthermore, given the testimony regarding defendant's actions when the officers attempted to place him in handcuffs, such conviction is not against the weight of the evidence.

We agree, however, with defendant's contention that County Court erred when it refused to grant his motion to dismiss the counts of the indictment charging obstructing governmental administration in the second degree and resisting arrest based on the insufficiency of the People's opening statement at trial.[2] Pursuant to CPL 260.30 (3), the People are required to make an opening statement to the jury, which "should set forth the nature of the charge[s] against the accused and state briefly the facts [the People] expect[ ] to prove, along with the evidence [the People] plan[ ] to introduce in support of the same" (*People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]; *see People v Hazen*, 20 AD3d 586, 588 [2005], *lv denied* 5 NY3d 806 [2005]). The information must be sufficient to allow the jury to intelligently understand the nature of the case (*see People v Blanchard*, 63 AD3d 1291, 1292 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Ward*, 42 AD3d 579, 581 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Culver*, 192 AD2d 10, 15 [1993], *lv denied* 82 NY2d 716 [1993]; *Matter of Lacerva v Dwyer*, 177 AD2d 747, 748-749 [1991]).

Here, while sufficient information was presented in the People's opening statement to permit the jury to intelligently understand the nature of the DWI charge against defendant, the only arguable reference to the charges of obstructing governmental administration and resisting arrest was a fleeting remark about defendant's "belligerent and disrespectful" behavior. Taken as a whole, the People's opening statement failed to sufficiently inform the jury so that it could intelligently understand the nature of those charges. Defendant's convictions on counts four and five of the indictment must, therefore, be reversed (*see People v Kurtz*, 51 NY2d at 387; *Matter of Lacerva v Dwyer*, 177 AD2d at 748-749).

---

2. We note that County Court should have ruled on this motion before proceeding with defendant's opening statements, so as to allow the People to supplement their statement if the court determined it to be inadequate. However, in view of the court's determination to deny the motion, the failure to follow this procedure was harmless.

Defendant's argument that certain comments made by the People in their summation deprived him of a fair trial is not preserved for our review inasmuch as no objection was made thereto at the time of trial (*see* CPL 470.05; *People v Hoke*, 276 AD2d 903, 905 [2000], *lv denied* 96 NY2d 801 [2001]; *People v Spencer*, 272 AD2d 682, 685 [2000], *lv denied* 95 NY2d 858 [2000]), and we decline to exercise our jurisdiction to take corrective action in the interest of justice. Furthermore, we are not persuaded by defendant's argument that counsel's failure to object to such comments deprived him of the effective assistance of counsel. Our review of the record reveals that, considering the totality of the circumstances, defendant received meaningful representation (*see People v Jackson*, 70 NY2d 768, 769 [1987]; *People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]).

Defendant's remaining contentions have been considered and are unavailing.

Cardona, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of obstruction of governmental administration in the second degree and resisting arrest under counts four and five of the indictment and vacating the sentences imposed thereon; matter remitted to the County Court of Clinton County for a new trial on said counts; and, as so modified, affirmed.