■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL M. WILBUR, Appellant. [969 NYS2d 587]—

Egan Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 30, 2011, convicting defendant following a nonjury trial of the crime of burglary in the second degree.

On the afternoon of June 19, 2010, the victim, her children and her brother left the victim's apartment at 21 Frederick Street in the City of Binghamton, Broome County to attend a family barbeque at a local park. Prior to leaving for the park, the victim's brother borrowed a cooking grill from defendant, who was the victim's upstairs neighbor. Upon returning to her apartment later that evening, the victim discovered that the plexiglass window of her back door was shattered and her two flat screen televisions—measuring 19 and 22 inches—were missing. In response to the victim's inquiry, defendant, who was sitting outside by the entrance to his apartment, denied hearing any commotion or having any knowledge of the intrusion.

Two days later, Robert Seeley, who did repair work for the owner of 21 Frederick Street, informed the local police that defendant was "bragging about" breaking into the victim's apartment. According to Seeley, defendant admitted that he used a piece of wood to smash the window on the back door of the apartment and thereafter stole the victim's two flat screen televisions, which defendant then secreted in an old carriage house located to the rear of the property. Defendant also showed

Seeley the televisions in question, which Seeley described as "[t]wo small, maybe 17, maybe 19-inch flat screen TVs." As a result, defendant was indicted and charged with burglary in the second degree. Following a nonjury trial, defendant was convicted as charged and thereafter was sentenced to five years in prison followed by five years of postrelease supervision. This appeal ensued.

Defendant initially contends that his conviction is not supported by legally sufficient evidence—specifically, that the People failed to adequately corroborate his statements to Seeley (*see* CPL 60.50). We disagree. While it is true that defendant cannot be convicted solely upon the basis of his admissions to Seeley (as embodied in a voice mail that defendant left Seeley on the evening of the burglary[1] and their face-to-face conversation the following morning), the corroboration requirement set forth in CPL 60.50 "merely requires some proof, of whatever weight, that a crime was committed by someone" (*People v McGee*, 20 NY3d 513, 517 [2013] [internal quotation marks and citation omitted]; *see People v Lapi*, 105 AD3d 1084, 1086 [2013]; *People v Flemming*, 101 AD3d 1483, 1485 [2012], *lv denied* 21 NY3d 942 [2013]; *People v Baltes*, 75 AD3d 656, 659 [2010], *lv denied* 15 NY3d 918 [2010]). Such additional proof, which "need not establish guilt or every detail of the crime or confession" (*People v Johnson*, 79 AD3d 1264, 1266 [2010], *lv denied* 16 NY3d 832 [2011]), "may be found in the presence of defendant at the scene of the crime, his guilty appearance afterward, or other circumstances supporting an inference of guilt" (*People v Baltes*, 75 AD3d at 659 [internal quotation marks and citation omitted]; *see People v Flemming*, 101 AD3d at 1485).

Here, there was ample evidence that someone had committed the crime of burglary in the second degree (*see* Penal Law § 140.25 [2]). The testimony of both the victim and the police officer who responded to the scene established that someone had entered the victim's residence (after shattering the window in the back door) and that the victim's two flat screen televisions were removed from the premises. The victim testified that she had not given anyone, including defendant, permission to enter or remove property from the residence and described, in detail, the missing electronics. As for the identity of the perpetrator, we are satisfied that defendant's admissions were sufficiently corroborated by, among other things, his documented

---

1. A transcript of this voice mail depicts defendant ranting about "screens" and "thousands of dollars of s . . ." and imploring Seeley to help him, stating, "Get the f . . . over [here] and get this outta here man 'cause I'm gonna be in a whole lotta trouble if I don't get rid of this."

presence at the scene both before and after the burglary,[2] Seeley's testimony describing the televisions he saw in the carriage house on the day following the burglary and defendant's trial testimony that he was "[m]ore or less" desperate for money at the time of the burglary. Accordingly, viewing the evidence in the light most favorable to the People (*see People v Baltes*, 75 AD3d at 658), we are satisfied that defendant's conviction is supported by legally sufficient evidence.

Defendant's remaining arguments do not merit extended discussion. To the extent that defendant now takes issue with the unconventional order of the proof at his bench trial, we note that defendant acquiesced to such procedure and, therefore, cannot now be heard to complain (*see* CPL 470.05 [2]; *cf. People v Rhodes*, 91 AD3d 1185, 1187 [2012], *lv denied* 19 NY3d 966 [2012]). Nor are we persuaded that counsel's alleged error in this regard constituted ineffective assistance of counsel, as the record reflects that defense counsel otherwise made appropriate objections and motions, vigorously cross-examined and attempted to impeach the People's witnesses, presented a viable— albeit unsuccessful—defense and offered an intelligent and articulate closing argument. Accordingly, upon viewing the totality of the record, we are satisfied that defendant received meaningful representation (*see People v McRobbie*, 97 AD3d 970, 972 [2012], *lv denied* 20 NY3d 934 [2012]; *People v Fisher*, 89 AD3d 1135, 1139 [2011], *lv denied* 18 NY3d 883 [2012]). Finally, we do not find the sentence imposed to be harsh or excessive.

Lahtinen, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

2. Additionally, as the victim's brother borrowed the grill from defendant shortly before leaving for the park, the factfinder reasonably could have inferred that defendant was aware of the victim's whereabouts on the night in question.