13-2098 (L)
Matthews v. Holder

BIA
Abrams, IJ
A042 231 142

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

PRESENT:
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
           *Circuit Judges,*
        JOHN G. KOELTL,
           *District Judge.**

_____

**GERARD PATRICK MATTHEWS,**
        *Petitioner*,

        v.                                  **13-2098 (L.)**
                                            **13-3956 (Con.)**

**ERIC H. HOLDER, JR., United States Attorney General,**
        *Respondent*.

_____

**FOR PETITIONER:**        MARK DAVID McPHERSON (Malcolm Dort *on the brief*), Morrison & Foerster LLP, New York, NY.

_____

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR RESPONDENT:**          KEITH I. McMANUS, *for* Stuart F. Delery, Assistant Attorney General, *and* Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, DC.

**UPON DUE CONSIDERATION** of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petitions for review are **GRANTED** and the matter is **REMANDED** to the BIA for further proceedings.

In these consolidated appeals, petitioner Gerard Patrick Matthews, a native and citizen of Ireland, seeks review of (1) a May 15, 2013 decision of the BIA (a) reversing an Immigration Judge's ("IJ") decision granting him adjustment of status and a waiver of inadmissibility, and (b) denying his application for cancellation of removal, *In re Matthews*, No. A042 231 142 (B.I.A. May 15, 2013), *rev'g* No. A042 231 142 (Immig. Ct. N.Y.C. Dec. 18, 2012), and (2) the BIA's October 4, 2013 decision denying his motion to reconsider, *In re Matthews*, No. A042 231 142 (B.I.A. Oct. 4, 2013).[1]  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed only the decisions of the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The issues raised by these petitions involve matters of law, which we review de novo, subject to *Chevron*

---

[1] In an order dated October 10, 2013, this Court dismissed the petitioner's challenge to the denial of the waiver of inadmissibility.  *Matthews v. Holder*, No. 13-2098 (2d Cir. Oct. 10, 2013).

deference when applicable.   *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008);

*Mizrahi v. Gonzales*, 492 F.3d 156, 158 (2d Cir. 2007).

The BIA's initial decision held that Matthews was ineligible for cancellation of

removal because his crimes of public lewdness in violation of New York Penal Law

§ 245.00 constituted "crimes involving moral turpitude" ("CIMT") that ended his

continuous residence in the United States for purposes of cancellation of removal under 8

U.S.C. § 1229b(a)(2).   The reasoning supporting that determination was too cursory to

support its conclusion.   The BIA merely cited *Matter of Cortes Medina*, 26 I. & N. Dec. 79

(B.I.A. 2013), a case holding that California's public lewdness statute defined a CIMT.

That was error.   *Cortes Medina* involved a different statute, interpreted by a

different court system.   It cannot control whether the New York statute at issue here

categorically defines a CIMT.   A decision of the Attorney General specifies the

methodology that the BIA is required to use in the first instance when determining whether

a crime categorically involves moral turpitude.   *Matter of Silva-Trevino*, 24 I. & N. Dec.

687 (Op. Att'y Gen. 2008).   Determining whether a crime involves moral turpitude

requires, as an initial inquiry, analysis of what conduct is proscribed by the governing

statute, and whether moral turpitude inheres in such conduct.   *See id.* at 689-90, 704.   In

the absence of a precedential decision regarding the precise statute at issue, the BIA's

minimal reasoning and one inapposite citation do not satisfy *Silva-Trevino*'s requirement

that the BIA engage in meaningful analysis.   *Cf. Johnson v. Ashcroft*, 378 F.3d 164, 169

3

(2d Cir. 2004) ("The BIA is required to follow the law, including . . . BIA precedents . . . ."). We thus remand the case for further consideration of whether public lewdness in violation of New York Penal Law § 245.00 is categorically a CIMT, under the precedent of this Court and the BIA. *See, e.g.*, *Butt v. Gonzales*, 500 F.3d 130, 137 (2d Cir. 2007).

The government argues that any error in the BIA's initial decision is mooted by the BIA's later denial of reconsideration, on the ground that it would not have granted Matthews's application for cancellation of removal in any event, as a matter of discretion. We cannot agree. Matthews's criminal history consists almost entirely of violations of New York Penal Law § 245.00. We cannot say that a BIA determination that New York Penal Law § 245.00 is not a CIMT would create "no realistic possibility that the outcome would be different on remand" – that is, if the BIA concludes on remand that New York Penal Law § 245.00 is not categorically a CIMT, there is a possibility that it would come to a different discretionary determination. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 402 (2d Cir. 2005). Accordingly, remand is not futile.[2]

Finally, we note that Matthews's argument that he is not removable under 8 U.S.C. § 1227(a)(2)(E)(i) is not properly exhausted, and thus is not considered here. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir. 2007). However, it was

---

[2] For this reason, we also vacate the BIA's denial of reconsideration. On remand, the BIA remains free to address the discretionary issue, either after resolving the CIMT question, or on the assumption that the public lewdness offenses are not CIMTs.

4

advanced before the IJ, and therefore was not waived and may be considered by the BIA on remand, if Matthews raises the issue there.

For the foregoing reasons, the petitions for review are GRANTED, and the matter is REMANDED to the BIA for further proceedings.   As we have completed our review, the stay of removal that we previously granted is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5