*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    106616
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DANIEL J. CARTER,
                        Appellant.
_____


Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

Lahtinen, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered January 18, 2013, upon a verdict
convicting defendant of the crime of burglary in the second
degree.

        On September 13, 14 and 16, 2011, defendant allegedly
entered and took money from the home of an 81-year-old neighbor
(hereinafter the victim).  He also allegedly entered and took
cash from a car parked in a garage attached to the home of
another neighbor on September 16, 2011.  Following an
investigation in which he gave an inculpatory statement to
police, he was charged with three counts of burglary in the
second degree.  A jury acquitted him of two of the counts, but

found him guilty of the burglary charge involving the entry of the victim's home on September 16, 2011. County Court sentenced him to 10 years in prison together with postrelease supervision. Defendant appeals.

Defendant contends that the evidence was legally insufficient to establish that he did not have the consent of the victim to enter the victim's home (see Penal Law §§ 140.00 [5]; 140.25 [2]; People v Graves, 76 NY2d 16, 20 [1990]). The victim, who was elderly and infirm, occasionally had defendant perform chores for him on his property. Defendant had permission to be in the home to do such work while the victim was home. The victim, however, stated on direct examination that defendant did not have permission to enter the home on September 16, 2011. The victim was away when defendant entered on that date, and there was evidence from a neighbor watching the property that defendant accessed the house through a rear cellar door, reflecting that he did not want to be seen entering the home. The victim's testimony was not free from any ambiguity. For example, when cross-examined about a statement given to police after the September 14, 2011 incident but before the September 16, 2011 incident, the victim was asked whether he told police that defendant had permission to be in his home to use the bathroom when the victim was not home, and the victim responded that defendant had "access" to the home and "[p]ossibly" had permission to use the bathroom. Nonetheless, there was adequate proof to corroborate defendant's statement in which he acknowledged that he was "not supposed to" be in the house (see People v Wilbur, 108 AD3d 878, 879 [2013]). Viewed in the light most favorable to the People, a rational jury could have found, with respect to the September 16, 2011 entry of the victim's home, each of the elements of burglary in the second degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Briggs, 129 AD3d 1201, 1204 [2015], lv denied 26 NY3d 1038 [2015]). Further, upon independently weighing the evidence and considering it in a neutral light while according deference to the jury's credibility determinations, we do not find the verdict to be against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]; People v Morrison, 127 AD3d 1341, 1343 [2015], lv denied 26 NY3d 932 [2015]).

Defendant asserts several errors regarding the suppression hearing, none of which we find persuasive. With respect to the alleged error by County Court in reopening the hearing, this issue is unpreserved since the hearing was reopened on defendant's motion and without objection from defendant (see People v Lewis, 117 AD3d 751, 751 [2014], lv denied 24 NY3d 1085 [2014]). Although the arresting officer did not have personal knowledge of facts providing probable cause for the arrest, he was acting on the direction of the officer who had been investigating the crimes and sufficient proof was presented to establish a lawful arrest under the fellow officer rule (see People v Ketcham, 93 NY2d 416, 419-420 [1999]; People v Taylor, 134 AD3d 1165, 1169-1170 [2015], lv denied 26 NY3d 1150 [2016]; People v Lubrano, 117 AD3d 1239, 1240 [2014], lv denied 25 NY3d 990 [2015]). County Court credited the officers' testimony and, deferring to those credibility determinations, there is ample proof to support the court's finding that defendant's statement was voluntary in that he was fully informed of, understood and waived his Miranda rights before any questioning commenced (see People v Nadal, 131 AD3d 729, 730 [2015], lv denied 26 NY3d 1041 [2015]; People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013]).

The remaining arguments do not require extended discussion. Since defendant's conviction is "supported by legally sufficient trial evidence, [his] challenges to the instructions given during the grand jury proceeding are precluded" (People v Cotton, 120 AD3d 1564, 1566 [2014] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 27 NY3d 963 [2016]; accord People v Gibson, 137 AD3d 1657, 1658 [2016]) and, in any event, do not set forth error requiring reversal (see People v Pacheco, 56 AD3d 381, 384 [2008], lv denied 12 NY3d 786 [2009]). Defendant was not denied the effective assistance of counsel. His attorney, who pursued a cogent strategy and obtained an acquittal on two of the three charges against defendant, provided meaningful representation (see e.g. People v Caban, 5 NY3d 143, 152 [2005). In light of defendant's lack of remorse and the fact that the sentence was well below the statutory maximum, we find neither extraordinary circumstances nor an abuse of discretion warranting a reduction of his sentence (see People v Gigliuto, 22 AD3d 890, 892 [2005], lv denied 7 NY3d 789 [2006]), and County

Court's comments at sentencing do not reflect bias affecting the sentence imposed (see People v Ganoe, 122 AD3d 1003, 1003-1004 [2014], lv denied 25 NY3d 1163 [2015]; People v Boccaccio, 288 AD2d 898, 898 [2001]; People v Neish, 232 AD2d 744, 746-747 [1996], lv denied 89 NY2d 927 [1996]).

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court