The People of the State of New York,
against
Cesar Garcia, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered August 10, 2016, after a nonjury trial, convicting him of public lewdness, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered August 10, 2016, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The credited eyewitness police testimony, which included the detailed description of the hand movements made by the defendant, was sufficient to establish beyond a reasonable doubt that defendant was masturbating on a Union Square subway platform (see Penal Law § 245.00[a]; People v Chang-Correa, 53 Misc 3d 126[A], 2016 NY Slip Op 51311[U] [App Term, 1st Dept 2016]). 
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Although the arresting officer did not have personal knowledge of facts providing probable cause for the arrest, he was acting at the direction of the officer who had personally observed defendant's lewd conduct, and sufficient proof was presented to establish a lawful arrest under the fellow officer rule (see People v Ketcham, 93 NY2d 416, 419 [1999]; People v Carter, 140 AD3d 1394, 1395 [2016], lv denied 28 NY3d 969 [2016]). Contrary to defendant's claim, there is no requirement that the officer with probable cause convey to the arresting officer substantive details on the nature of the criminal act in order for the fellow officer rule to apply (see People v Ramirez-Portoreal, 88 NY2d 99, 114 [1996]).
The court also properly declined to suppress defendant's spontaneous and voluntary statement to the police, which was not the result of an interrogation, that he "kn[e]w what [he] did was wrong" and that he was "sorry" (see People v Grant, 96 AD3d 779, 780 [2012], lv denied 19 NY3d 1026 [2012]). 
Defendant is not entitled to a jury trial, since he failed to meet his burden to establish that a conviction for public lewdness carries the potential for deportation (see People v Suazo, 32 [*2]NY3d 491 [2018]). Even assuming that public lewdness pursuant to Penal Law § 245.00 is a crime of moral turpitude (see 8 USC § 1227[a][2][A][i], [ii]), an issue that has not yet been categorically decided (see Matthews v Holder, 590 Fed Appx 75 [2d Cir 2015]), defendant would still not be deportable under § 1227(a)(2)(A)(ii), because that provision requires convictions for two or more crimes involving moral turpitude to subject an individual to deportation. Defendant does not allege that he has any prior conviction for a crime involving moral turpitude.
Moreover, even if we now consider all the crimes for which defendant was tried, including the offenses of which he was acquitted, as two or more crimes of moral turpitude, he would not have been subject to deportation by a conviction because the charges arose out of a single scheme of criminal misconduct. Section 1227(a)(2)(A)(ii) makes deportable any alien who has been convicted of "two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct" (emphasis added).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 03, 2019