■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL A. MCAULIFFE, Respondent. [632 NYS2d 253] —White, J.

Appeal from an order of the Supreme Court (Sheridan, J.), entered September 26, 1994 in Essex County, which granted defendant's motion pursuant to CPL 330.30 to set aside the verdict convicting him of the crime of offering a false instrument for filing in the second degree, without a hearing.

During the course of an interview conducted on January 4, 1994 by State Police Investigator Robert La Fountain regarding a complaint that defendant had raped and sodomized a 14-year-old victim, defendant gave La Fountain a statement denying that he had sex with the victim. After he signed the statement, defendant allegedly admitted to La Fountain that he did have sexual contact with the victim but he refused to give La Fountain a written statement to that effect.

Ultimately, defendant was tried on an indictment charging him with six sex-related offenses and the crime of offering a false instrument for filing in the second degree based upon his signed statement denying sexual contact with the victim. The jury acquitted defendant of the former charges but convicted him of the latter one. In response to defendant's motion, Supreme Court set the guilty verdict aside, prompting this appeal by the People.

Obviously, defendant's conviction rests upon his admission that he had sexual contact with the victim. The issue here is whether the People presented sufficient evidence to meet the corroboration requirements of CPL 60.50. That section provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed". It is well settled that this section does not require corroboration of every detail of the confession or admission, but only " 'some proof, of whatever weight' ", that the offense charged has in fact been committed by someone (*People v Booden*, 69 NY2d 185, 187, quoting *People v Daniels*, 37 NY2d 624, 629). In this instance, the required proof was that defendant did have sexual contact with the victim.

The only direct proof of such contact came from the victim; however, the jury by its not guilty verdict on the sex-related counts of the indictment rejected her testimony. Contrary to the People's assertion, the police officers' testimony did not satisfy its burden since they merely repeated defendant's admission. The tape-recorded conversation between defendant and the victim, wherein he admitted that "maybe we messed around a little more than we should have", is likewise insufficient because multiple admissions by a defendant do not satisfy the corroboration requirements of CPL 60.50 (*see, People*

*v Hamilton*, 121 AD2d 395, 396). The testimony of the victim's mother that she exhibited behavioral changes shortly after the alleged sexual incident cannot be considered adequate proof since such behavioral changes do not necessarily indicate that a sexual incident took place (*see, People v Taylor*, 75 NY2d 277, 293). Lastly, the testimony of the expert regarding rape trauma syndrome cannot be considered as evidence of sexual contact, since such testimony was admissible for the limited purpose of explaining behavior that might appear unusual to lay jurors and not within their common understanding and not to prove that a crime occurred (*see, People v Shay*, 210 AD2d 735, 736, *lv denied* 85 NY2d 980).

Therefore, in view of our analysis of the record, we find that the verdict is not supported by sufficient evidence since the corroboration requirements of CPL 60.50 were not satisfied. Accordingly, we shall affirm Supreme Court's order granting defendant's motion to set aside the verdict and dismiss the indictment (*see*, CPL 470.20 [2]).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed.