■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SHOEMAKER, Appellant. [641 NYS2d 914] —Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 22, 1994, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

Defendant was indicted for and convicted of two counts of sexual abuse in the first degree and one count of endangering

the welfare of a child, for which he was sentenced to an indeterminate term of imprisonment of $2^1/_3$ to 7 years on each count of the sexual abuse charges and one year on the count of endangering the welfare of a child, said sentences to run concurrently. Defendant now appeals and we affirm.

Defendant's principal argument on this appeal is that the People failed to present legally sufficient evidence to sustain his conviction on either count of sexual abuse in the first degree and that the verdict was against the weight of the evidence as to all three counts of the indictment. We disagree. The evidence upon which the People's case rests consisted of the testimony of the 10-year-old victim and defendant's wife, Lois Shoemaker. That evidence, viewed in the light most favorable to the People (*see, e.g., People v Alexander*, 75 NY2d 979, 980), revealed that on a weekday between September 2, 1991 and October 9, 1991 in a parking lot in the Town of Schaghticoke, Rensselaer County, defendant held the victim's arms in a bear hug while his wife pulled the victim's pants down and for a period of approximately five minutes fondled the victim's penis and inserted her finger in his anus. It is defendant's contention that this evidence does not demonstrate that he subjected the victim to sexual contact or that he acted for the purpose of gratifying sexual desire (*see*, Penal Law § 130.65 [1], [3]; § 130.00 [3]). We disagree. The statute makes defendant criminally liable not if he touches another, but if he "subjects" another to sexual contact, which occurs if defendant touches the victim, if he causes the victim to touch him or if he causes a third person to touch the victim (*see, People v Ditta*, 52 NY2d 657, 661). Moreover, where, as here, a person intentionally aids another in the commission of the proscribed conduct, he or she is criminally liable for such conduct (*see*, Penal Law § 20.00).

Defendant further argues that the evidence is legally insufficient because his conduct could be said to involve nonsexual motives such as a desire to humiliate, injure or dominate. Again, we disagree. The fact that defendant assisted his wife in subjecting the victim to sexual contact for some five minutes was more than sufficient to permit the jury to infer that the purpose of the conduct was sexual gratification (*see, People v Teicher*, 52 NY2d 638, 646-647), and the fact that the evidence might be subject to an interpretation different from that found by the jury does not mean that the People failed to prove their case beyond a reasonable doubt (*see, People v Raphael*, 134 AD2d 535, *lv denied* 70 NY2d 1010).

With regard to defendant's contention that the verdict was against the weight of the evidence, we note that resolution of

this case depended entirely upon a credibility determination which is properly the function of the jury, and we are extremely reluctant to interfere with the jury's determination in this regard (see, *People v Bauer*, 113 AD2d 543, 549, *lv denied* 67 NY2d 648). From our review of the record, it does not appear that the jury failed to give the evidence the weight it should have been accorded (see, *People v Bleakley*, 69 NY2d 490, 495).

Defendant next contends that he is entitled to a new trial based upon the fact that the prosecutor improperly asked defendant on cross examination whether certain prosecution witnesses were liars (see, *People v Ely*, 164 AD2d 442, 446, *lv denied* 77 NY2d 905). We disagree. On the few occasions that the prosecutor engaged in such clearly improper questioning, counsel for defendant registered objections which were sustained by County Court, thereby removing any potential prejudice to defendant. We have considered defendant's remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.