■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GRESSLER, Appellant. [652 NYS2d 792] —Mercure, J. P. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 1, 1995, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and sodomy in the first degree, and (2) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered February 14, 1996, which revoked defendant's probation and imposed a sentence of imprisonment.

An October 1994 indictment charged defendant with nine counts of sodomy, sexual abuse and endangering the welfare of a child, arising out of his alleged conduct with three male children, ages 4, 10 and 13. At the time, defendant was on probation as the result of 1992 felony convictions in Saratoga County and Rensselaer County. Defendant was ultimately convicted after trial of three counts of the October 1994 indictment: count two, charging sexual abuse in the first degree committed between July 11, 1994 and July 31, 1994 when defendant touched the penis of the 10-year-old victim (hereinafter victim 2); count five, charging sexual abuse in the first degree committed between August 1, 1994 and August 7, 1994 when defendant touched the penis of the four-year-old victim (hereinafter victim 1); and count six, which, as amended, charged sodomy in the first degree committed between August 1, 1994 and August 7, 1994 when defendant put his mouth on the penis of victim 2.

Defendant was sentenced to consecutive prison terms of $3^{1}/_{2}$

to 7 years on the convictions of sexual abuse in the first degree charged in counts two and five of the indictment. He was also sentenced to a prison term of 12 1/2 to 25 years on the conviction of sodomy in the first degree charged in count six, to be served concurrently with the sentence imposed on the conviction on count five but consecutively to the sentence imposed on the conviction on count two of the indictment. In separate proceedings, defendant's outstanding sentences of probation were revoked and he was sentenced to two prison terms of 1 1/3 to 4 years, to be served concurrently to one another and to the sentences imposed on the convictions on the October 1994 indictment. Defendant appeals both the judgment of conviction and the judgment revoking his probation.

We affirm. Initially, we reject the contentions addressed to the sufficiency of the trial evidence. Defendant gave the police a written statement in which he admitted that he touched victim 1's penis and then took it into his mouth and sucked it. In the same statement, defendant related an incident in which he woke up in bed with victim 2 and discovered that he was touching that victim. Defendant's statement was corroborated by the trial testimony of victim 2, who testified under oath concerning an incident that he observed between August 1, 1994 and August 7, 1994, when he saw defendant put a blanket over victim 1, who was sleeping on a couch, and then heard an unzipping noise and saw movements under the blanket, which he described as "a head bobbing up and down" and hand movements at victim 1's waist. On that occasion, victim 2 left to tell his mother and when they returned to the room, they found that victim 1's pants were unbuttoned and unzipped and his underpants were crooked. Victim 2 also testified concerning a July 1994 incident when defendant came into his bedroom at night, put a blanket over him, unzipped his pants, pulled down his underpants, rubbed the witness' penis with his hands and then put his mouth on the witness' penis and sucked it.

Based upon the foregoing, we reject the contention that there was insufficient corroboration of defendant's confession concerning his sexual contact with victim 1, as alleged in counts five and six of the indictment. Notably, the provision of CPL 60.50 that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed" requires only "slight circumstantial corroboration" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.50, at 132; *see, People v Booden*, 69

NY2d 185; *People v Lipsky*, 57 NY2d 560). "Indeed, the statute is satisfied 'by the production of some proof, of whatever weight, that a crime was committed by someone' " (*People v Lipsky, supra,* at 571, quoting *People v Daniels*, 37 NY2d 624, 629).

We are also unpersuaded that the People failed to establish the commission of the crime charged in count two within the time frame alleged in the indictment and conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support defendant's conviction of the crimes charged in counts two, five and six of the indictment (*see, People v Contes*, 60 NY2d 620, 621; *see also, People v Shoemaker*, 227 AD2d 720, 721; *People v Morey*, 224 AD2d 730, 731-732, *lv denied* 87 NY2d 1022; *People v Gray*, 201 AD2d 961, 962, *lv denied* 83 NY2d 1003). Finally, upon the exercise of our factual review power (*see,* CPL 470.15 [5]), we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

Defendant's remaining assertions of error warrant little discussion. First, considering the type and nature of the crimes charged, the tender years of the victims and the attendant circumstances, together with the victims' testimony before the Grand Jury, it is our view that the indictment set forth a time span sufficient to apprise defendant of the relevant period of commission of the crimes charged (*see, People v Watt*, 81 NY2d 772; *People v Keindl*, 68 NY2d 410, 418-419; *People v Dunn*, 204 AD2d 919, *lv denied* 84 NY2d 907). Second, County Court did not err in permitting the eve-of-trial amendment to count six of the indictment to conform its factual allegation to the Grand Jury testimony. The original accusation of count six that defendant committed the crime of sodomy in the first degree by putting his penis into victim 1's mouth was not supported by the Grand Jury evidence, which showed, rather, that defendant put the victim's penis in his mouth. We cannot perceive how this amendment could have affected defendant's ability to prepare for trial and note that County Court granted defendant a one-week adjournment in any event (*see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.70, at 518). Last, considering defendant's prior criminal record, the nature of his acts, the ages of his victims and the fact that he utilized his status as a "Big Brother" to gain entry into the victims' household, we are not persuaded that the sentence imposed was harsh or excessive.

Defendant's remaining contentions are either unpreserved for our consideration or patently lacking in merit.

Crew III, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgments are affirmed.