■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BARCOMB, Appellant. [683 NYS2d 311] —Mercure, J. Appeal

from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered January 14, 1997, upon a verdict convicting defendant of the crimes of sodomy in the third degree and rape in the third degree.

Convicted of sodomy in the third degree and rape in the third degree as the result of his sexual contact with an 11-year-old female, defendant now appeals, contending primarily that the victim's trial testimony was insufficient to establish the elements of sexual intercourse and deviate sexual intercourse (*see*, Penal Law § 130.00 [1], [2]). Specifically, defendant claims that the victim failed to provide sufficient detail about the specific sexual conduct she engaged in with defendant to establish that sexual intercourse and oral sex occurred. We are unpersuaded.

Defendant's written confession, which described in graphic detail his sexual relations with the victim, was of itself sufficient to establish his culpability (*see*, *People v Safian*, 46 NY2d 181, 186, *cert denied sub nom. Miner v New York*, 443 US 912; *People v Morgan*, 246 AD2d 686, 686-687, *lv denied* 91 NY2d 975). In this instance, the victim's testimony was necessary only to corroborate defendant's confession (*see*, CPL 60.50; *People v Booden*, 69 NY2d 185, 187). Notably, CPL 60.50 does not require corroboration of a defendant's confession in every detail, but only some proof "that the offense charged has in fact been committed by someone" (*People v Booden, supra*, at 187). The victim's testimony that she knew what sexual intercourse and "oral intercourse" were and that she had performed these acts with defendant on several occasions was ample for that purpose (*see, id.*, at 187; *People v Safian, supra*, at 186; *People v Murray*, 40 NY2d 327, 332, *cert denied* 430 US 948).

We have considered defendant's remaining contentions and find them to be lacking in merit.

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.