■ The People of the State of New York, Respondent, v Michael L. Guillery, Appellant. [688 NYS2d 274] —Carpinello, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered December 18, 1996, upon a verdict convicting defendant of two counts of the crime of sexual abuse in the first degree.

On November 20, 1995, defendant confessed to his parole officer that he rubbed the genitals of a six-week-old baby girl and also penetrated the infant with his finger. These admissions were reduced to writing in two separate statements which defendant signed. At the time, defendant had only been on parole for a little over three months as the result of a 1992 conviction for sexual abuse in the first degree for which he served nearly 3½ years in prison. Indicted on two counts of sexual abuse in the first degree and found guilty as charged following a jury trial, defendant was sentenced as a second felony offender to two consecutive seven-year prison terms. Defendant appeals, and we affirm.

Neither of the two arguments raised by defendant—that his confession was not sufficiently corroborated and that his sentence should be modified by this Court—has merit. While one cannot be convicted on the basis of a confession alone without corroborating evidence (*see,* CPL 60.50), such evidence need not establish guilt or corroborate every detail of the confession (*see, People v Booden,* 69 NY2d 185, 187). It may be either direct or circumstantial and does not even have to connect the defendant to the crime (*see, People v Lipsky,* 57 NY2d 560, 563, 571). Indeed, there need only be "some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels,* 37 NY2d 624, 629; *see, People v Booden, supra,* at 187). Here, there was expert medical testimony that an external examination of the infant's genitalia 17 days after the incident revealed physical findings consistent with sexual abuse and vaginal penetration with a small object. In addition, the parole officer testified that defendant manifested physical signs of nervousness and guilt (broken eye contact, turning red and sweating) when told that the parole officer had "a few concerns" and asked "if there was anything he wanted to talk

to him about" (see, People v Booden, supra, at 187). Under these circumstances, the minimal statutory corroboration requirement was sufficiently satisfied (see, People v Lipsky, supra, at 571).

Moreover, County Court's imposition of consecutive sentences was not inappropriate for the "[s]eparate and distinct offenses" (People v Williams, 114 AD2d 683, 685; see, Penal Law § 70.25 [2]) committed by defendant (compare, People v Lussier, 205 AD2d 910, 912, lv denied 83 NY2d 1005, cert denied 513 US 1078). Given the egregiously heinous nature of the acts perpetrated on the six-week-old infant and defendant's criminal history—indeed, he was on parole for a prior sexual abuse in the first degree conviction when he committed the subject offenses—the sentence was neither harsh nor excessive (see, People v Reed, 252 AD2d 596, lv denied 92 NY2d 985; People v Archer, 232 AD2d 820, lv denied 90 NY2d 938; compare, People v Morin, 192 AD2d 791, lv denied 81 NY2d 1077; People v Williams, supra).

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.