■ The People of the State of New York, Respondent, v Timothy J. Nolan, Appellant. [768 NYS2d 853]—

Mercure, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered July 29, 2002, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

In October 2001, the victim's grandmother reported to police that defendant had molested the victim, who was 10 years old at the time. The victim gave a written statement to the police and was examined at a hospital. Police Detective Murray Roach called defendant in for questioning and defendant ultimately signed a confession prepared by Roach. Thereafter, defendant was charged with the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]). After a jury trial, defendant was found guilty as charged and sentenced to $5^{1}/_{2}$ years in prison. Defendant appeals, asserting that the evidence was insufficient to sustain the conviction and that the confession was not sufficiently corroborated. We disagree.

In order to sustain a conviction of sexual abuse in the first degree, the People were required to establish that defendant subjected the 10-year-old victim to "sexual contact" (Penal Law § 130.00 [3]; § 130.65 [3]). Here, defendant's confession describing that sexual contact and his gratification in detail sufficiently established his culpability (see People v Safian, 46 NY2d 181, 186 [1978], cert denied sub nom. Miner v New York, 443 US 912 [1979]; People v Barcomb, 256 AD2d 926, 927 [1998], lv denied 94 NY2d 798 [1999]). While a defendant may not be convicted solely on the basis of a confession without corroborating evidence (see CPL 60.50), the statutory requirement is met when the People have presented " 'some proof, of whatever weight,' that the offense charged has in fact been committed by someone" (People v Booden, 69 NY2d 185, 187 [1987], quoting People v Daniels, 37 NY2d 624, 629 [1975]). We conclude that the victim's testimony describing the sexual contact in similar terms to those set forth in the confession, and Roach's description of defendant's demeanor and physical manifestations of guilt while giving the statement and shortly after, as well as during a heated phone call with his parents regarding the incident, provide sufficient corroboration of the confession (see People v Guillery, 260 AD2d 661, 661-662 [1999], lv denied 93 NY2d 971 [1999]; People v Barcomb, supra at 927; People v Gressler, 235 AD2d 599, 600 [1997], lv denied 89 NY2d 1036 [1997]; cf. People v McAuliffe, 220 AD2d 859, 860-861 [1995]).

We have considered defendant's remaining arguments, including his assertion that the sentence is harsh and excessive, and conclude that they are without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.