### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:    November 3, 2016                    106275
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                    MEMORANDUM AND ORDER

ROY SCIPPIO,
                        Appellant.
_____

Calendar Date:    September 13, 2016

Before:    McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Neal D. Futerfas, White Plains, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered August 19, 2013, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the second degree and criminal possession of a weapon
in the third degree.

        In the early morning hours of July 16, 2011, Leon Peters
(hereinafter the victim) was shot in the arm as he was walking
towards Kennedy Fried Chicken in the City of Kingston, Ulster
County.  The ensuing investigation led to defendant being
identified as a person of interest and, upon being questioned by

the police, defendant confessed to having shot the victim on the night in question.  Defendant was thereafter indicted on the charges of criminal possession of a weapon in the second degree, assault in the second degree and criminal possession of a weapon in the third degree.  Defendant unsuccessfully moved to suppress his confession and, following a jury trial, he was convicted of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, but acquitted on the charge of assault in the second degree.  Defendant was sentenced, as a second felony offender, to an aggregate prison term of 13 years, followed by five years of postrelease supervision.  Defendant appeals, and we affirm.

To begin, we find no merit to defendant's argument that County Court erred in denying his motion to suppress the oral statements he made to law enforcement.  At the suppression hearing, a detective involved in the investigation of the shooting and another member of the Kingston Police Department testified that they located defendant at a particular residence and that defendant voluntarily agreed to go to the police station for questioning, without ever requesting counsel.  The detective testified that, before defendant made the incriminating statements, he read defendant his Miranda rights from a prepared card and defendant understood and waived those rights and agreed to speak with him without an attorney.  The detective asserted that, after defendant made several admissions to him, he and another detective reinterviewed defendant and that this second interview, which was recorded and viewed by the court, was preceded by a readministration of defendant's Miranda rights, which he again waived.  County Court expressly credited this testimony, which supported its determination that the People proved beyond a reasonable doubt that defendant's admissions were made after he knowingly, intelligently and voluntarily waived his Miranda rights (see People v Kidd, 112 AD3d 994, 996-997 [2013], lv denied 23 NY3d 1039 [2014]; People v Westervelt, 47 AD3d 969, 971-972 [2008], lv denied 10 NY3d 818 [2008]; People v Baker, 27

AD3d 1006, 1008 [2006], lv denied 7 NY3d 785 [2006]).[1]
Accordingly, County Court properly denied defendant's motion to
suppress his statements.

       We next address defendant's assertion that his convictions
are not supported by legally sufficient evidence and are also
against the weight of the evidence.  Although defendant's general
motion to dismiss did not preserve his challenge to the legal
sufficiency of the evidence supporting his convictions (see
People v Gray, 86 NY2d 10, 20 [1995]; People v Junior, 119 AD3d
1228, 1229 [2014], lv denied 24 NY3d 1044 [2014]), in the course
of our weight of the evidence review, we necessarily evaluate
whether the elements of the challenged crimes were proven beyond
a reasonable doubt (see People v Danielson, 9 NY3d 342, 348-349
[2007]; People v Williams, 138 AD3d 1233, 1234 [2016], lvs denied
28 NY3d 932, 939 [2016]).  Where, as here, a different verdict
would not have been unreasonable, we "'weigh the relative
probative force of conflicting testimony and the relative
strength of conflicting inferences that may be drawn from the
testimony'" (People v Bleakley, 69 NY2d 490, 495 [1987], quoting
People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]).

       As relevant here, a person is guilty of criminal possession
of a weapon in the second degree when he or she knowingly
possesses any loaded firearm outside of his or her home or place
of business (see Penal Law § 265.03 [3]).  Additionally, a person
is guilty of criminal possession of a weapon in the third degree
when he or she knowingly possesses any firearm and he or she has
been previously convicted of any crime (see Penal Law §§ 265.02

_____

       [1]  We note that, unlike at trial, defendant did not present
any evidence at the suppression hearing to support his claim that
he invoked his right to counsel prior to arriving at the police
station.

[1]; 265.01 [1]).[2]  A defendant "may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed" (CPL 60.50; see People v McGee, 20 NY3d 513, 517 [2013]).  This statutory corroboration requirement is satisfied by "'some proof, of whatever weight,' that the offense charged has in fact been committed by someone" (People v Booden, 69 NY2d 185, 187 [1987], quoting People v Daniels, 37 NY2d 624, 629 [1975]; accord People v Cole, 24 AD3d 1021, 1024 [2005], lv denied 6 NY3d 832 [2006]) and "does not mandate submission of independent evidence of every component of the crime charged" (People v Chico, 90 NY2d 585, 589 [1997]; People v Guillery, 260 AD2d 661, 661 [1999], lv denied 93 NY2d 971 [1999]).

At trial, the jury heard defendant's audiotaped confession that he possessed a .38 caliber revolver and shot the victim on the evening in question outside of Kennedy Fried Chicken.  The investigating detective testified that defendant made the incriminating statements after having been informed of his Miranda rights and having waived those rights and that at no point did defendant request an attorney.  Defendant's confession was corroborated by the victim's testimony that he was shot while walking towards Kennedy Fried Chicken, as well as testimonial evidence placing defendant outside of the restaurant at the time of the shooting (see People v Booden, 69 NY2d at 187; People v Baltes, 75 AD3d 656, 659 [2010], lv denied 15 NY3d 918 [2010]) and the detective's testimony that a .38 caliber revolver does not eject shell casings, instead keeping them within the cylinder, and that no shell casings were found at the scene (see People v Hawkins, 110 AD3d 1242, 1243 [2013], lv denied 22 NY3d

_____

[2]  As alleged in a special information attached to the indictment, defendant admitted prior to trial that he had been previously convicted of criminal possession of a controlled substance in the seventh degree and, thus, that element of the crime was established (see CPL 200.60 [3] [a]; People v Ward, 141 AD3d 853, 859 n 2 [2016]).

1041 [2013]; People v Thompson, 75 AD3d 760, 764 [2010], lv denied 15 NY3d 896 [2010]).  Although at trial defendant contested the voluntariness of his confession through his cross-examination of the People's witnesses and by offering the testimony of his girlfriend's mother that he had repeatedly invoked his right to counsel prior to giving his statement, the jury clearly rejected defendant's version of events.  Inasmuch as the People proved the voluntariness of defendant's statements beyond a reasonable doubt and those statements were sufficiently corroborated, and according appropriate deference to the jury's credibility determinations (see People v Lind, 133 AD3d 914, 917 [2015], lv denied 27 NY3d 1153 [2016]), we are satisfied that the verdict was not against the weight of the evidence (see People v Hawkins, 110 AD3d at 1243; People v Johnson, 79 AD3d 1264, 1266 [2010], lv denied 16 NY3d 832 [2011]).

Defendant also argues that County Court should have granted his request for a jury charge instructing that, if the jury were to find that he had requested an attorney before making incriminating statements to law enforcement, then his statements were taken in violation of his constitutional right to counsel.[3] Through his cross-examination of the detective and his presentation of testimonial evidence that he had repeatedly invoked his right to counsel prior to questioning, defendant placed the voluntariness of his confession in issue, and County Court therefore properly charged the jury on that matter (see CPL 710.70 [3]; People v Griswold, 58 NY2d 633, 635 [1982]; People v Maddox, 198 AD2d 804, 804 [1993], lv denied 82 NY2d 898 [1993]).  Defendant, however, was not entitled to a further charge

_____

[3] Although County Court had completed its charge, contrary to County Court's determination, defendant's request was not untimely, as the court had an ample opportunity to address the request and the jury had yet to retire to deliberations (see CPL 300.10 [5]; 470.05 [2]; People v Mariano, 101 AD3d 1367, 1368 [2012]; People v Sztuk, 126 AD2d 950, 950 [1987], lv denied 69 NY2d 887 [1987]; People v Lewis, 116 AD2d 16, 19 [1986]).

regarding his alleged invocation of his constitutional right to counsel, as that question involves a legal determination to be resolved by the trial court, not the jury (see CJI2d[NY] Statements [Admissions, Confessions] n 3; People v Dawson, 166 AD2d 808, 810 [1990], lv denied 77 NY2d 876 [1991]; People v Medina, 146 AD2d 344, 350 [1989], affd 76 NY2d 331 [1990]; see also People v Ridgeway, 59 AD3d 1111, 1112 [2009], lv denied 12 NY3d 820 [2009]). Accordingly, County Court properly denied defendant's request for a jury charge specifically addressing his right to counsel.

Defendant's remaining contentions require little discussion. His failure to raise timely and specific objections at trial renders his claims of prosecutorial misconduct during the People's summation unpreserved (see CPL 470.05 [2]; People v Stanford, 130 AD3d 1306, 1309 [2015], lv denied 26 NY3d 1043 [2015]; People v Burnell, 89 AD3d 1118, 1122 [2011], lv denied 18 NY3d 922 [2012]), and we decline to take corrective action in the interest of justice inasmuch as the challenged comments either constituted a fair comment on the evidence or were responsive to statements made by defense counsel during summation (see People v Fomby, 101 AD3d 1355, 1357 [2012]; People v Hall, 57 AD3d 1229, 1231 [2008], lv denied 12 NY3d 784 [2009]). Further, we are unpersuaded by defendant's contention that the cumulative effect of various, yet undefined, alleged errors deprived him of a fair trial, as our review of the record as a whole reveals otherwise (see People v Mitchell, 129 AD3d 1319, 1322 [2015], lv denied 26 NY3d 1041 [2015]; People v Green, 270 AD2d 566, 569 [2000], lv denied 95 NY2d 853 [2000]). As a final matter, we find no merit to defendant's assertion that his aggregate prison sentence of 13 years, followed by five years of postrelease supervision, is harsh and excessive. While we may reduce a sentence in the interest of justice where there are extraordinary circumstances or an abuse of discretion on the part of the sentencing court (see CPL 470.15 [3] [c]; People v Luckette, 126 AD3d 1044, 1046 [2015], lv denied 26 NY3d 1110 [2016]), we discern no such extraordinary circumstances or abuse of discretion here,

particularly considering the nature of the offense and defendant's lengthy criminal history (see People v Nelson, 128 AD3d 1225, 1228 [2015], lv denied 26 NY3d 1041 [2015]; People v Bianca, 91 AD3d 1127, 1130 [2012], lv denied 19 NY3d 862 [2012]; People v Mann, 63 AD3d 1372, 1374 [2009], lv denied 13 NY3d 861 [2009]).

McCarthy, J.P., Garry, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court