Devine, J.
 

 Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered February 17, 2016, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child, rape in the first degree, criminal sexual act in the first degree, incest in the first degree, sexual abuse in the first degree and endangering the welfare of a child (two counts).
 

 Defendant was charged in an August 2015 indictment with predatory sexual assault against a child, rape in the first degree, criminal sexual act in the first degree, incest in the first degree, sexual abuse in the first degree and two counts of endangering the welfare of a child. The charges stemmed from allegations that defendant, an adult male, subjected the eight-year-old victim, a close relative, to various types of sexual abuse on two occasions in 2013. Following a jury trial, defendant was convicted as charged. County Court thereafter sentenced him to an aggregate prison term of 29 years to life to be followed by, as amended, 20 years of postrelease supervision.
 
 *
 
 Defendant appeals from the original judgment of conviction, and we affirm.
 

 Defendant argues that the verdict was against the weight of the evidence. The trial proof shows that, after the victim disclosed the abuse in 2015-, defendant was interviewed by law enforcement officials and eventually gave a written statement in which he confessed in detail to two incidents of abuse. Defendant stated that the incidents occurred in the spring and September of 2013, when the victim was home sick from school and being cared for by him. He further described how he satisfied his base desires by rubbing his hand against the victim’s vagina during both incidents and performing oral and vaginal sex upon her during the second. This detailed confession “was of itself sufficient to establish his culpability” of all the charged offenses (People v Barcomb, 256 AD2d 926, 927 [1998], lv denied 94 NY2d 798 [1999]; see People v Safian, 46 NY2d 181, 186 [1978]; People v Nolan, 2 AD3d 1221, 1222 [2003]).
 

 Corroboration of defendant’s confession was needed in order to secure a conviction (see CPL 60.50), but all that was required in that regard was “some proof, of whatever weight, that a crime was committed by someone” (People v Daniels, 37 NY2d 624, 629 [1975]; accord People v Wilbur, 108 AD3d 878, 879 [2013]; People v Lapi, 105 AD3d 1084, 1086 [2013], lv denied 21 NY3d 1043 [2013]). The victim described the abuse in her testimony and, while her testimony contained some inconsistencies, those are “not uncommon in the testimony of young witnesses” and did not render hers “incredible as a matter of law” (People v Din, 110 AD3d 1246, 1247 [2013], lv denied 22 NY3d 1137 [2014]). Her testimony, as well as proof that she was home sick from school and alone with defendant in May and September 2013, sufficiently corroborated defendant’s confession (see People v Lapi, 105 AD3d at 1086; People v Flemming, 101 AD3d 1483, 1485-1487 [2012], lv denied 21 NY3d 942 [2013]; People v Barcomb, 256 AD2d at 927). Defendant attacked the victim’s credibility at trial, pointing to the lack of physical evidence, and suggested that an investigator fed him details in making his confession. Nevertheless, even assuming that acquittal on any of the counts was a reasonable possibility, viewing the evidence in a neutral light and according deference to the jury’s superior opportunity to assess witness credibility, we are satisfied “that the verdict was in accord with the weight of the evidence” (People v Lapi, 105 AD3d at 1086; see People v Rancharla, 23 NY3d 294, 302-303 [2014]).
 

 Finally, despite his lack of a significant criminal history, we do not agree with defendant that his sentence was harsh and excessive. Defendant exploited a position of trust to repeatedly victimize a young relative in his care and, despite having confessed to this behavior, he thereafter refused to take any responsibility or express remorse for it. We do not, as a result, perceive any abuse of discretion or extraordinary circumstances warranting a reduction in the aggregate sentence (see People v Thiel, 134 AD3d 1237, 1240 [2015], lv denied 27 NY3d 1156 [2016]; People v Gokey, 134 AD3d 1246, 1248 [2015], lv denied 27 NY3d 1069 [2016]).
 

 Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 After learning that the original terms of postrelease supervision imposed on three of the convictions were illegal, County Court amended the original sentence to impose appropriate periods of postrelease supervision.