People v Reid (2020 NY Slip Op 03827)





People v Reid


2020 NY Slip Op 03827


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

111957

[*1]The People of the State of New York, Appellant,
v
Kenneth B. Reid, Defendant.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for appellant.



Aarons, J.
Appeals (1) from an amended order of the County Court of Rensselaer County (Young, J.), entered May 21, 2019, which, upon reconsideration, granted defendant's motion to dismiss the indictment, and (2) from an order of said court, entered September 6, 2019, which denied the People's motion to reargue.
In 2018, a police officer with the City of Troy Police Department stopped defendant after observing him drive his vehicle at a high rate of speed. At the traffic stop, the police officer learned, among other things, that defendant's driver's license was suspended at that time. As a consequence of this incident, defendant was charged by indictment with aggravated unlicensed operation of a motor vehicle in the first degree and aggravated unlicensed operation of a motor vehicle in the third degree.
In January 2019, defendant moved for various relief, including, as relevant here, an inspection of the grand jury minutes and dismissal of the indictment due to legally insufficient evidence. County Court, in a February 2019 order, denied this requested relief. After receiving a copy of the grand jury minutes, defendant, in May 2019, moved for "leave to renew" that part of his motion seeking dismissal of the indictment on the basis of legally insufficient evidence before the grand jury. The court heard oral argument on defendant's motion, after which it dismissed the indictment with leave to the People to re-present. The court's oral decision was subsequently embodied in a May 2019 amended order. The People thereafter moved for "leave to re-argue" the May 2019 amended order. In a September 2019 order, the court denied the People's motion, concluding that it did not overlook or misapprehend any matters of fact or law when dismissing the indictment. The People appeal from the May 2019 amended order and the September 2019 order.[FN1]
"To dismiss an indictment on the basis of insufficient evidence before a [g]rand [j]ury, a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (People v Bello, 92 NY2d 523, 525 [1998] [internal quotation marks and citations omitted]). "In the context of grand jury proceedings, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Mills, 1 NY3d 269, 274 [2003] [internal quotation marks and citations omitted]). Our task is limited to assessing "whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes" (People v Waite, 108 AD3d 985, 985 [2013] [internal quotation marks and citations omitted]; accord People v Edwards, 182 AD3d 929, 929 [2020]).
Assuming, without deciding, that defendant's May 2019 motion was timely, County Court erred in granting it and dismissing the indictment. The police officer testified before the grand jury that, when he stopped defendant, he asked him for his driver's license and the vehicle's registration. The police officer stated that, in response to his inquiry, defendant said that "he didn't have a license at that point." Defendant, however, did produce a non-driver's identification card to the police officer. Based upon this identification card, the police officer learned defendant's name and his date of birth. The police officer stated that, when he spoke to defendant using defendant's name, defendant responded to him. The People also produced a certified abstract from the Department of Motor Vehicles pertaining to defendant, which, according to the police officer, confirmed that defendant did not have a driver's license and was not privileged to drive on the date in question. The abstract further indicated that there were 21 suspensions in effect for defendant's license, 18 of which had been imposed on 12 dates.
In view of defendant's admission to the police officer during the stop that he did not have a driver's license, as well as the information in the certified abstract from the Department of Motor Vehicles, the evidence was legally sufficient to support the charges in the indictment (see Vehicle and Traffic Law § 511 [1] [a]; [3] [a] [ii]; see generally People v Suber, 19 NY3d 247, 251 [2012]). Furthermore, by producing the identification card to the police officer, defendant adopted the information therein, including his date of birth (see generally People v Campney, 94 NY2d 307, 311-312 [1997]). Accordingly, contrary to defendant's assertion made in his May 2019 motion, there was admissible evidence connecting defendant to the abstract. Because the record discloses that the evidence before the grand jury was legally sufficient to support the charged crimes, the indictment must be reinstated (see People v Spencer, 289 AD2d 877, 879 [2001], lv denied 98 NY2d 655 [2002]).
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the amended order entered May 21, 2019 is reversed, on the law, and motion denied.
ORDERED that the appeal from the order entered September 6, 2019 is dismissed.



Footnotes

Footnote 1: The appeal from the September 2019 order must be dismissed because CPL 450.20 does not authorize an appeal by the People from such order (see People v Zeller, 122 AD3d 1081, 1082 n [2014]).