People v Bateman (2023 NY Slip Op 00249)

People v Bateman

2023 NY Slip Op 00249

Decided on January 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 19, 2023

111881
[*1]The People of the State of New York, Respondent,
v
William J. Bateman, Appellant.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher J. Di Donna of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Otsego County (Brian D. Burns, J.), rendered January 25, 2019, upon a verdict convicting defendant of the crime of rape in the second degree (two counts).
In July 2018, defendant was charged by indictment with seven counts of rape in the second degree (see Penal Law § 130.30 [1]), stemming from his sexual relationship with a 14-year-old child (hereinafter the victim) in August 2017, when defendant was 46 years old. Following a jury trial, defendant was convicted of rape in the second degree (two counts) relating to two incidents of sexual intercourse, one on August 2 (count 1) and another on August 16 (count 7). County Court thereafter sentenced defendant to a term of three years in prison on each count, to be served consecutively, followed by 10 years of postrelease supervision. Defendant appeals from the judgment.
Initially, we address defendant's challenge to the legal sufficiency and the weight of the evidence supporting his convictions. "[D]efendant preserved his challenge to the distinct legal issue of the sufficiency of the corroborative evidence by a motion to dismiss at the close of the People's case that was both specifically directed at the error now alleged on appeal and renewed after defendant presented evidence" (People v Lee, 80 AD3d 877, 878 n 1 [3d Dept 2011], lv denied 16 NY3d 833 [2011]). "When assessing the legal sufficiency of a jury verdict, we view the facts in the light most favorable to the People and examine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Harris, 203 AD3d 1320, 1321 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1033 [2022]; see People v Santiago, 206 AD3d 1466, 1467 [3d Dept 2022]). "In conducting a weight of the evidence review, we must view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Barzee, 190 AD3d 1016, 1017-1018 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 36 NY3d 1094 [2021]; see People v Martinez, 166 AD3d 1292, 1293 [3d Dept 2018], lv denied 32 NY3d 1207 [2019]).
As relevant here, "[a] person is guilty of rape in the second degree when[,] . . . being [18] years old or more, he or she engages in sexual intercourse with another person less than [15] years old" (Penal Law § 130.30 [1]). "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him [or her] without additional proof that the offense charged has been committed" (CPL 60.50). Such requirement is satisfied by "some proof, of whatever weight[*2], that a crime was committed by someone" and the corroborative evidence "may be either direct or circumstantial" (People v Daniels, 37 NY2d 624, 629 [1975]; accord People v Warrington, 155 AD3d 1450, 1451 [3d Dept 2017]).
By way of background, after the victim's family barn burned down, the victim's family rented defendant's barn and relocated their cows there. As of August 2017, the victim and her family were present at defendant's farm daily as they performed various chores. During that time, defendant and the victim became close, spending a lot of time together, and defendant shared details about his marital trouble. In January 2018, after receiving a report of sexual abuse of a minor, the State Police interviewed the victim, who disclosed that she and defendant had engaged in seven sexual encounters during August 2017, and she provided exact dates from a list she kept in her diary. Defendant was then arrested, and he provided a written statement.
At trial, the victim denied that she and defendant ever had any sexual contact, asserting instead that she made it all up. The victim admitted that she had burned her diary, and she stated that she still loved defendant. A friend of the victim's family testified that she walked into defendant's office on August 16, 2017 and saw the victim bent over defendant's desk, with defendant reaching for something, and she got the impression that there was something sexual happening. The friend did not report the incident until January 2018, after she got mad at the victim.
Ricky Bush, an investigator with the State Police, testified that after he received the initial disclosure from the friend, he asked another investigator to interview the victim. After learning of the victim's disclosure from that other investigator, Bush interviewed defendant, who was very cooperative and forthcoming. He said that after about 15 to 20 minutes, defendant agreed to give a written statement. Through this statement, defendant admitted that he and the victim had engaged in sexual intercourse "a few times" in August 2017, and that the friend caught him and the victim in a compromising position in his office, causing the friend to become suspicious. The statement, dated January 5, 2018, was admitted into evidence. Defendant took the stand and denied having had any sexual contact with the victim. Although he admitted that he received Miranda warnings before giving the written statement, defendant asserted that he simply went along with the accusations because Bush told him that things would not go well for him if he did not cooperate.
As to the conviction for rape in the second degree pertaining to conduct on or about August 16, 2017 (count 7), we find that the evidence is legally sufficient to support that conviction. Defendant's written statement that, when he was 46 years old, he engaged in sexual intercourse with the 14-year-old victim was corroborated by the friend's testimony that she walked into defendant's office and [*3]caught the victim and defendant in a compromising position — a fact that defendant specifically disclosed in his statement. While this corroboration is minimal, when viewed in the light most favorable to the People, it is sufficient to allow a rational jury to find defendant guilty of rape in the second degree (see People v Dunton, 30 AD3d 828, 829-830 [3d Dept 2006], lv denied 7 NY3d 847 [2006]; see also People v Cole, 24 AD3d 1021, 1024-1025 [3d Dept 2005], lv denied 6 NY3d 832 [2006]; People v Groves, 157 AD2d 970, 972 [3d Dept 1990], lv denied 75 NY2d 919 [1990]). This conviction is also supported by the weight of the evidence. Viewing the evidence in a neutral light, an acquittal would not have been unreasonable, as the jury could have credited the victim and defendant in their denials that any sexual activity took place. However, the verdict makes clear that the jury discredited those denials,[FN1] and instead credited defendant's written statement and the friend's corroborating testimony. Deferring to the jury's credibility determinations, the verdict convicting defendant of rape in the second degree under count 7 of the indictment is supported by the weight of the evidence (see People v Cummings, 188 AD3d 1449, 1454 [3d Dept 2020], lv denied 36 NY3d 1096 [2021]; People v Pomales, 49 AD3d 962, 963 [3d Dept 2008], lv denied 10 NY3d 938 [2008]).
However, we reach a different conclusion regarding the conviction for rape in the second degree pertaining to conduct on or about August 2, 2017 (count 1). After reviewing the record, we find no evidence corroborating defendant's admission that he and the victim engaged in sexual intercourse "a few times" in August 2017. Due to the lack of corroboration, the evidence is legally insufficient to support that conviction, and the charge under count 1 must be dismissed (see People v Maynard, 143 AD3d 1249, 1250-1251 [4th Dept 2016], lv denied 28 NY3d 1148 [2017]; People v Bjork, 105 AD3d 1258, 1260 [3d Dept 2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US 1213 [2014]).
Next, we turn to defendant's assertion that he received ineffective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his or her counsel failed to provide meaningful representation" and "the absence of strategic or other legitimate explanations for counsel's alleged deficient conduct" (People v Lindsey, 172 AD3d 1764, 1766 [3d Dept 2019] [citations omitted]; see People v Clark, 209 AD3d 1063, 1065 [3d Dept 2022]). We note that, inasmuch as the deadline to file pretrial motions expired prior to an appearance where defendant was scheduled to enter into a plea agreement but "changed his mind," we are unsure whether the alleged pretrial deficiencies can be fully attributable to defense counsel. Regardless, defendant's contentions that defense counsel was ineffective in failing to move to suppress defendant's written statement and in failing to object to the admission of [*4]the same at trial lack merit, as counsel's failure to advance "a motion or argument that has little or no chance of success" does not constitute ineffective assistance (People v Stultz, 2 NY3d 277, 287 [2004]; see e.g. People v Lozano, 203 AD3d 1231, 1233 [3d Dept 2022]; People v Jones, 161 AD3d 1311, 1314 [3d Dept 2018], lv denied 31 NY3d 1118 [2018]). Defendant's contention that counsel was ineffective for failing to seek pretrial discovery is undeveloped, as defendant failed to identify any materials that counsel failed to obtain through pretrial discovery; in any event, prior to trial, counsel reviewed and obtained copies of the People's file against defendant (see People v Clarke, 110 AD3d 1341, 1346 [3d Dept 2013], lv denied 22 NY3d 1197 [2014]; People v Baldwin, 35 AD3d 1088, 1091 [3d Dept 2006]). Viewing counsel's representation in its totality, we note that counsel set forth a clear trial strategy, effectively cross-examined witnesses, presented cogent opening and closing statements, preserved defendant's challenges for appeal and, ultimately, obtained an acquittal on five of the seven indicted charges (see People v Machia, 206 AD3d 1272, 1278 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Lozano, 203 AD3d at 1233; People v Campbell, 196 AD3d 834, 839 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]).
Lastly, we reject defendant's assertion that the sentence imposed was harsh and excessive. Although defendant had no criminal history, County Court properly noted that defendant had refused to accept responsibility for his actions or to show remorse, and then sentenced defendant to three years in prison for rape in the second degree under count 7 of the indictment — a sentence which fell on the lower end of the sentencing guidelines (see Penal Law §§ 70.02 [3] [c]; 70.80 [6]). Under these circumstances, we decline to disturb the sentence (see People v Schmidt, 175 AD3d 754, 755 [3d Dept 2019]; People v Harden, 6 AD3d 987, 987-988 [3d Dept 2004]).
Egan Jr., J.P., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction for rape in the second degree under count 1 of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

Footnotes

Footnote 1: The People's direct examination of the victim was focused on casting doubt upon her denials. Specifically, while testifying, the victim professed her love for defendant, confirmed that she had previously made disclosure of sexual activity between her and defendant and admitted to burning her diary, which had provided the People with the specific dates alleged in the indictment against defendant.