People v Hart (2023 NY Slip Op 05763)

People v Hart

2023 NY Slip Op 05763

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

113434
[*1]The People of the State of New York, Appellant,
v
Sean Hart, Respondent.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for appellant.
Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the County Court of St. Lawrence County (John F. Richey, J.), entered July 12, 2021, which, among other things, partially granted defendant's motion to dismiss the indictment.
In April 2021, defendant was indicted and charged with aggravated sexual abuse in the second degree and two counts of rape in the first degree (forcible compulsion and physically helpless). The charges stemmed from an incident that occurred in August 2019 when defendant crawled into the sleeping victim's bed and began touching her. As outlined in defendant's written statement to the State Police, defendant admitted that, on the night in question, he placed his fingers in the victim's vagina and engaged in both oral sex and sexual intercourse with the victim — all of which he claimed to be consensual. Defendant thereafter filed an omnibus motion seeking, as relevant here, to dismiss counts 2 and 3 of the indictment (charging rape in the first degree) pursuant to CPL 210.20 (1) (b) — contending that his statement was not sufficiently corroborated and, hence, there was legally insufficient evidence to support the crime charged or any lesser included offense. County Court, finding insufficient evidence to corroborate defendant's written statement, granted the request and dismissed the subject counts of the indictment. This appeal by the People ensued.
"To dismiss or reduce an indictment on the basis of insufficient evidence before a grand jury, a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (People v Edwards, 182 AD3d 929, 929 [3d Dept 2020] [internal quotation marks, brackets and citations omitted], affd 36 NY3d 946 [2020]; accord People v Reid, 185 AD3d 1163, 1164 [3d Dept 2020]; see People v Park, 163 AD3d 1060, 1061 [3d Dept 2018]). Where, as here, a defendant has confessed to a crime, he or she "may not be convicted of any offense solely upon evidence of a confession or admission . . . without additional proof that the offense charged has been committed" (CPL 60.50; see People v Bateman, 212 AD3d 993, 994-995 [3d Dept 2023], lv denied 39 NY3d 1140 [2023]; People v Flemming, 101 AD3d 1483, 1485 [3d Dept 2012], lv denied 21 NY3d 942 [2013]). However, "the minimal statutory corroboration requirement" (People v Guillery, 260 AD2d 661, 662 [3d Dept 1999], lv denied 93 NY2d 971 [1999]) "need not establish guilt or every detail of the crime or confession" (People v Flemming, 101 AD3d at 1485 [internal quotation marks and citation omitted]; see People v Hebert, 218 AD3d 1003, 1004 [3d Dept 2023]) and "does not mandate submission of independent evidence of every component of the crime charged" (People v Scippio, 144 AD3d 1184, 1186 [3d Dept 2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 1150 [2017]). Rather, the corroboration requirement is satisfied by "some proof, of whatever weight, that a crime was [*2]committed by someone" (People v Daniels, 37 NY2d 624, 629 [1975]; accord People v Bateman, 212 AD3d at 995; People v Baltes, 75 AD3d 656, 659 [3d Dept 2010], lv denied 15 NY3d 918 [2010]; see People v Hebert, 218 AD3d at 1004). Such proof "may be either direct or circumstantial and does not even have to connect the defendant to the crime" (People v Guillery, 260 AD2d at 661; see People v Hebert, 218 AD3d at 1004). "The confession itself provides the means for understanding the circumstances of the transaction" (People v Daniels, 37 NY2d at 629 [citations omitted]), and the additional proof required "may be found in the presence of [the] defendant at the scene of the crime, his [or her] guilty appearance afterward, or other circumstances supporting an inference of guilt" (People v Wilbur, 108 AD3d 878, 879 [3d Dept 2013] [internal quotation marks and citations omitted]; see People v Flemming, 101 AD3d at 1485).
"A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person . . . [b]y forcible compulsion" (Penal Law § 130.35 [1]) or when such person "is incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]). Here, the parties debate only whether the statutory element of sexual intercourse was sufficiently corroborated. In this regard, defendant's written statement reflects that the encounter with the victim began in the bedroom of the camp where defendant was staying. According to defendant, after lying in bed with the victim "for a while," he inserted his fingers into the victim's vagina before performing oral sex on her for approximately 20 minutes. Defendant stated that he then engaged in sexual intercourse with the victim "for about three minutes" before again performing oral sex on her for an undetermined period of time. According to defendant, the entire encounter was consensual.
The victim, who had been friends with defendant for 14 years, testified before the grand jury that she was asleep when defendant entered the room and climbed into bed with her. Defendant's conduct initially was not cause for concern, as the victim testified that she and defendant had shared a bed in the past — albeit platonically. On this occasion, however, defendant climbed on top of the victim, held her down, removed her pants, performed oral sex on her and inserted his fingers into her vagina. The victim further testified that, after defendant grabbed her hand and pushed it toward his penis, she "lost consciousness" for approximately "2 to 10 minutes." When the victim awoke, she found herself in a different position on the bed, and defendant again was performing oral sex on her. As a result of this encounter, the victim testified, she experienced, among other things, extreme bruising, vaginal lacerations and heavy vaginal bleeding.
County Court found that the victim's physical injuries were insufficient to corroborate defendant's admission of sexual intercourse because such injuries [*3]were as consistent with digital penetration (see Penal Law § 130.67 [1] [a]) as they were with sexual intercourse (see Penal Law § 130.35 [1], [2]). We disagree. Even assuming, without deciding, that such a factual determination could be made (a) by County Court and (b) without the benefit of expert medical testimony, viewing the evidence in the light most favorable to the People, as we must (see People v Reid, 185 AD3d at 1164; People v Edwards, 182 AD3d at 929; People v Park, 163 AD3d at 1061), the People are entitled — at this juncture — to the inference of guilt that may be drawn from the victim's physical injuries (see generally People v Wilbur, 108 AD3d at 879; People v Flemming, 101 AD3d at 1485). Stated differently, if the victim's injuries could be consistent with sexual intercourse, then the People are entitled to the benefit of that inference. Further corroboration of defendant's admission of sexual intercourse may, in our view, be found in his and the victim's respective — yet consistent — timelines of the events. Although the victim admittedly did not testify that she and defendant engaged in sexual intercourse, defendant's and the victim's descriptions of the physical acts performed otherwise were consistent, and the brief period of time during which defendant admitted that he engaged in sexual intercourse with the victim — lasting for perhaps three minutes — was entirely consistent with the victim's testimony that she lost consciousness for approximately 2 to 10 minutes, before awakening to again discover defendant performing oral sex on her. Accordingly, we are satisfied that the victim's injuries and her consistent timeline of the events were sufficient to corroborate defendant's confession (cf. People v Fenton, 166 AD2d 748, 748-749 [3d Dept 1990], lv denied 77 NY2d 905 [1991]; compare People v Maynard, 143 AD3d 1249, 1251 [4th Dept 2016], lv denied 28 NY3d 1148 [2017]; People v Bjork, 105 AD3d 1258, 1260 [3d Dept 2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US 1213 [2014]). Hence, defendant's motion to, among other things, dismiss counts 2 and 3 of the indictment should have been denied.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the order is modified, on the law, by reversing so much thereof as partially granted defendant's motion and dismissed counts 2 and 3 of the indictment; motion denied to that extent and said counts reinstated; and, as so modified, affirmed.